# Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

April 2, 2020

**BY ECF AND EMAIL**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: **United States v. Bryant Brown,**
     **20 Cr. 12 (PAE)**

Dear Judge Engelmayer:

  We write in response to MCC New York Warden M. Licon-Vitale's letter dated April 1, 2020. We are relieved to hear that, according to MCC, Mr. Brown is feeling better. But this Court's March 31, 2020 Order should remain largely in place, and the Court should order disclosure of the number of inmates who have been tested for COVID-19 and the number of those who have presented with the symptoms of COVID-19 but have not been tested.

  As an initial matter, we note that MCC does not object to the Order insofar as it requires MCC to provide Mr. Brown with the medical care recommended by the CDC for suspected and confirmed COVID-19 cases. Rather, MCC objects to the provisions of the Order regarding testing for COVID-19 and those designed to verify that Mr. Brown is in fact receiving the required case.

  First, the Court should continue to require two legal calls per week. Access to counsel is required by the Sixth Amendment, and it is especially essential in a capital murder case. In addition, counsel has a duty to verify Mr. Brown's medical condition and what care he is in fact receiving. I regret that MCC's representations are insufficient for this purpose. MCC's poor conditions and lack of appropriate medical care for detainees have been the subject of numerous, recent exposés.[1] MCC has also been the subject of

---

[1] Jeanne Theoharis, *I Tried to Tell the World about Epstein's Jail. No One Would Listen*, *The Atlantic* (August 16, 2019), *available at* https://www.theatlantic.com/ideas/archive/2019/08/real-scandal-mcc/596257/; Aviva Stahl, *Prisoners endure a nightmare gulag in lower Manhattan hidden in plain sight*, The

numerous lawsuits. *See, e.g.*, *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 743 (S.D.N.Y. 2019); *Rodriguez v. Warden, Metro. Corr. Facility*, 2015 WL 857817, at *2, 13-CV-3643 (PAC) (S.D.N.Y. Feb. 27, 2015).

MCC claims that providing twice weekly calls to Mr. Brown would take away from other attorneys who need access to their clients in regard to bail hearings and other emergent Court needs. But it acknowledges that Mr. Brown is in isolation, *i.e.*, in a Special Housing Unit, which has fewer inmates than general population units. Because legal calls are handled within a unit basis (rather than on an institution-wide basis), Mr. Brown's calls will have a limited effect on the calls of others.

Without the Court's Order, Mr. Brown will likely receive few to no legal calls at all. Although MCC initially did provide a number of legal calls after it suspended legal visitation, over the past week and a half I have requested legal calls with five separate clients at MCC (other than Mr. Brown) to discuss emergency bail hearings and compassionate release applications. These requests and my follow-up emails yielded no response—and no calls—until I received one call this morning. Despite this Court's Order, a request I made Tuesday morning for a legal call with Mr. Brown at any time Wednesday received the same non-response. My colleagues' experience has been similar. Deirdre von Dornum, the Federal Defenders Attorney-in-Charge for the Eastern District of New York, informs me that, as part of our pending civil litigation against the Bureau of Prisons ("BOP"), the Federal Defenders has repeatedly expressed concern to the Civil Division of United States Attorney's Office about the lack of response from the BOP regarding legal calls.

It may be, after a couple of legal calls with Mr. Brown, that counsel will agree that he is recovering and that there is no reason to continue requiring MCC to provide daily updates on his care. But we ask the Court to continue this requirement for the time being in order to ensure that someone is accountable for his care and that counsel has the information necessary to determine whether to make an emergency bail application.

Finally, regarding COVID-19 testing, MCC makes the remarkable admission that it "does not have COVID-19 tests and would have to send Mr. Brown to the hospital to be tested." Why not? In opposition to defendants' applications for bail and compassionate release, the government has repeatedly cited, to this Court and others, the figure that there are only 4 confirmed cases of COVID-19 among the 700 inmates in MCC. It has argued therefrom, in the face of persuasive expert opinions to the contrary, that

---

Gothamist (June 19, 2019), *available at* https://gothamist.com/news/prisoners-endure-a-nightmare-gulag-in-lower-manhattan-hidden-in-plain-sight.

individuals have, if anything, a lower likelihood of contracting COVID-19 than in the community. But it now appears that MCC is simply not testing inmates other than those who require hospitalization. It was also revealed yesterday that MDC, which has touted having only a single case of COVID-19 among its 1,700 inmates, has tested only three inmates.[2] The real incidence of infection within MCC and MDC is unknown outside the institution.

     In light of MCC's representation that it cannot test Mr. Brown for COVID-19 without taking him to the hospital and that a medical professional has advised that it would not be advisable to do so, the Court should suspend this requirement of its Order. The Court should instead require the BOP to disclose the number of inmates who have been tested for COVID-19 and the number of those who have presented with the symptoms of COVID-19 but have not been tested. These figures will enable this Court and others in this District to adjudicate the consequential emergency motions precipitated by the coronavirus pandemic crisis with accurate information.

                                  Respectfully submitted,

                                  /s/ Clay H. Kaminsky
                                Clay H. Kaminsky
                                Assistant Federal Defender
                                Federal Defenders of New York
                                (212) 417-8749 / (646) 842-2622

                                Florian Miedel
                                Miedel & Mysliwiec, LLP
                                80 Broad Street Suite 1900
                                New York, NY 10004
                                212-616-3042

cc:    AUSAs Jamie Bagliebter and Mary Bracewell

---

[2] *Prison Says It Tested Just 2 More Inmates Despite Virus Cases*, Law360 (April 1, 2020), *at* https://bit.ly/2R76H4C.