UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>BRYANT BROWN,<br><br>Defendant. | 20 Cr. 12 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On March 29, 2020, the Court received a letter from defense counsel reporting that he believed that Mr. Brown had contracted COVID-19. Dkt. 9 ("Def. Letter") at 1. Defense counsel requested that the Court order the Metropolitan Correctional Center ("MCC") and the U.S. Marshals to: (1) immediately test Mr. Brown for COVID-19; (2) provide the care required by the CDC for suspected and confirmed COVID-19 cases; (3) take Mr. Brown to the hospital, consistent with CDC recommendations, if he developed trouble breathing, persistent pain or pressure in the chest, confusion, or bluish lips and face; (4) provide defense counsel and the Court daily updates on Mr. Brown's condition and treatment; and (5) provide Mr. Brown with legal calls to his counsel at least twice a week. *Id.* at 2. On March 31, 2020, the Court issued an order to that effect. Dkt. 10. On April 1, 2020, the Court received a redacted letter from the MCC's warden, and a corresponding unredacted version properly filed under seal, requesting

that the Court vacate or modify its March 31, 2020 order. Dkt. 11-1 ("MCC Letter"). On April 2, 2020, Mr. Brown's counsel filed his response to the MCC. Dkt. 12 ("Def. Reply").

As a result of the concerns raised in the MCC's letter, the Court modifies its order as follows:

First, as to testing, the Court accepts the MCC's representation that the MCC's doctor and the BOP's Infectious Disease Specialist believe a test is not warranted at this time, and that the MCC would be ill-advised in transporting Mr. Brown to a hospital for a test. *See* MCC Letter at 1. The Court thus vacates this requirement in full. The Court also declines defense counsel's invitation to order the MCC to disclose the number of inmates who have been tested and the number who have presented with symptoms. *See* Def. Reply at 1. If the MCC's medical professionals later determine that Mr. Brown should be tested, the Court expects that Mr. Brown will promptly receive such a test and that the MCC will promptly contact his counsel with that update.

Second, as to care recommended by the CDC, the Court is satisfied that the MCC and its medical staff are currently providing Mr. Brown with the care that, in their best judgment, is needed. *See* MCC Letter at 1. The Court thus modifies these requirements to order the MCC to continue to monitor Mr. Brown and provide the care its medical staff determines is necessary, which the Court expects will be in accordance with CDC guidelines.

Third, as to defense counsel's requests for updates and legal calls, the Court is cognizant of the burden that these requirements place on the MCC and its limited resources during this public health crisis. *See* MCC Letter at 1–2. The Court thus modifies these requirements. The Court now orders the MCC to update Mr. Brown's counsel if Mr. Brown's condition materially worsens (*e.g.*, it determines that a COVID-19 test or transporting Mr. Brown to the hospital is

warranted).  The Court also orders the MCC to provide Mr. Brown with at least one legal call per week for the next three weeks, so that defense counsel can be kept apprised of Mr. Brown's health.  Otherwise, the Court encourages defense counsel to work with the MCC to ensure his client's needs with regard to legal consultation are met, given the importance to Mr. Brown at this time of meaningful access to counsel.

SO ORDERED.

                                                                                      *Paul A. Engelmayer*
                                                                                      _____
                                                                                      PAUL A. ENGELMAYER
                                                                                      United States District Judge

Dated: April 2, 2020
          New York, New York